UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERR CARRINGTON,
     Petitioner,


     v.                               CIVIL ACTION NO.
                                         13-12393-RGS


MASSACHUSETTS DEPARTMENT
OF CORRECTIONS, MCI-CONCORD,
     Respondent.


**ORDER TO ANSWER**

**January 28, 2014**


**BOWLER, U.S.M.J.**

     Petitioner Kerr Carrington ("petitioner"), an inmate at the Massachusetts Correctional Institute in Concord, Massachusetts ("MCI-Concord"), attacks his state court conviction of 13 counts of larceny, 13 counts of uttering and nine counts of attempted larceny rendered in Massachusetts Superior Court (Suffolk County).  Having conducted a preliminary review of the petition pursuant to Rule 4, 28 U.S.C. foll. 2254, petitioner names the Massachusetts Department of Corrections, MCI-Concord, as respondent.

     The proper respondent in a petition for writ of habeas corpus under 28 U.S.C. § 2254, however, is "the person having custody of the person detained."  28 U.S.C. § 2243; see also 28 U.S.C. § 2242 (habeas application "shall allege . . . the name of

the person who has custody over [the petitioner]"). Because the warden or the superintendent of the facility has the "day-to-day control over the petitioner and is able to produce [the petitioner] before the habeas court," he is the proper respondent. <u>Vasquez v. Reno</u>, 233 F.3d 688, 691 (1st Cir. 2000).

This court takes judicial notice that the superintendent of MCI-Concord is Michael A. Thompson. <u>See</u>, <u>e.g.</u>, <u>Brown v. McKee</u>, 2010 WL 3906092, *4 (E.D.Mich. Sept. 30, 2010) (taking judicial notice of warden at facility of incarceration and substituting warden as respondent). Michael A. Thompson is therefore substituted as respondent in lieu of the Massachusetts Department of Corrections, MCI-Concord. The caption of future filings shall reflect Michael A. Thompson as the respondent.

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, respondent Michael A. Thompson ("respondent") is **ORDERED** to file an answer to the petition within 20 days after receipt of this Order, exclusive of the day of receipt. The answer must also include a statement notifying this court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

Pursuant to Rule 4, a copy of the petition shall be served on respondent and the Attorney General for the Commonwealth of Massachusetts by certified mail. The deadline for filing a dispositive motion or memorandum in opposition to the petition is

2

March 7, 2014.

In the event respondent wishes to raise an exhaustion defense in any dispositive motion or memorandum in opposition to the petition, respondent is also directed to brief the merits of all the claims inasmuch as this court has the discretion under 28 U.S.C. § 2254(b)(2) to deny an application on the merits notwithstanding a petitioner's failure to exhaust available state court remedies.  Respondent should file all necessary state court records.  In the event respondent argues that one or more claims fails on the merits, respondent is instructed to file the state court transcripts of the trial.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge