```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

KERR CARRINGTON,
    Petitioner,


    v.                                                                   CIVIL ACTION NO.
                                                                           13-12393-RGS


MICHAEL A. THOMPSON,
    Respondent.


**PROCEDURAL ORDER RE:**
**RESPONDENT'S MOTION TO DISMISS**
**(DOCKET ENTRY # 12)**

**April 22, 2014**


**BOWLER, U.S.M.J.**

    On January 28, 2014, this court ordered respondent Michael A. Thompson, superintendent of the Massachusetts Correctional Institute in Concord, Massachusetts ("MCI-Concord"), to file an answer to the above styled petition for writ of habeas corpus filed under 28 U.S.C. § 2254 within 20 days of receipt and set a March 5, 2014 deadline to file a dispositive motion. (Docket Entry # 8). To date, respondent Michael A. Thompson has not filed an answer.

    The January 28, 2014 Order also substituted Michael A. Thompson as respondent in lieu of the Massachusetts Department of Corrections, MCI-Concord, the entity named as respondent in the original petition, and further ordered that, "The caption of

future filings shall reflect Michael A. Thompson as the respondent." On March 3, 2014, this court extended the time to file an answer up to and including March 28, 2014.

On March 28, 2014, "Respondent, Department of Corrections," filed a motion to dismiss. (Docket Entry # 12). The motion argues that all three grounds for relief raise only state law violations and that grounds two and three do not rise to the level of a due process violation under federal constitutional law. (Docket Entry # 13).

Rule 4, 28 U.S.C. foll. 2254, allows a habeas court to "order the respondent to file an answer, *motion*, or other response" after conducting a preliminary review of a petition. Rule 4, 28 U.S.C. foll. 2254 (emphasis added). The rule's advisory committee notes explain that a "response to a habeas petition may be by motion" and that a "judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court." Advisory Committee Notes to Rule 4, 28 U.S.C. foll. 2254, 1976 Adoption and 2004 Amendments. A review of the motion to dismiss and the attached exhibits evidences that an answer is not necessary at this time.

Because the proper party did not file the motion, however, respondent Michael A. Thompson is **ORDERED** to either file the same

motion or a new motion with the proper caption and the proper respondent on or before May 6, 2014. The motion should identify the date when the two court reporters at issue produced the transcripts which the Massachusetts Superior Court (Suffolk County) ("the trial court") ordered on May 24, 2011.[1] It should also attach: (1) a copy the Massachusetts Appeals Court ("appeals court") decision in "docket no. 2011-P-2091" referenced in a November 27, 2013 ruling by the trial court; (2) a copy of petitioner's motion for a new trial filed on November 18, 2013; (3) a copy of any opposition to that motion filed by the Commonwealth; and (4) a copy of any appeals court decision and any Massachusetts Supreme Court decision regarding the motion for a new trial.

                               /s/ Marianne B. Bowler
                               **MARIANNE B. BOWLER**
                               United States Magistrate Judge

---

[1] The trial court's docket (Docket Entry # 12-2) indicates that these two reporters produced trial transcripts on November 7 and 11, 2011, but fails to reflect whether these transcripts are the same as those ordered on May 24, 2011. The motion should clarify this matter.